**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAMUEL NICANOR,

             Plaintiff,

     v.

RON SANTOS,

             Defendant.

_____/

No. C 02-5900 PJH

**ORDER OF DISMISSAL FOR FAILURE TO PROSECUTE**

Plaintiff filed the complaint in this case on December 23, 2002. After the case was reassigned to the undersigned judge, a case management conference was scheduled for May 1, 2003. Plaintiff did not appear and an ORDER TO SHOW CAUSE was issued. While the official file has been archived and is unavailable for consultation, it appears from the docket that plaintiff appeared at the hearing on the order to show cause, as the order was discharged and plaintiff was given thirty additional days to perfect service on the defendants. The docket further reflects that the summons was returned executed on all three defendants on June 23, 2003. On July 7, 2003 two of the defendants, Ken Koenen and the Alameda County Superior Court, were voluntarily dismissed by plaintiff.

Nothing else happened in this case until September 2, 2005, when it was discovered that the case had been inadvertently closed upon the dismissal of two of the three defendants. A further case management conference was scheduled for October 6, 2005, and the notice was mailed to plaintiff's address of record as well as to a post office box that appeared on earlier filed documents. The notice to his official address was returned undeliverable; the notice to the post office box was not returned. The only remaining defendant, Ron Santos, appeared through his counsel as ordered at the October 6, 2005 case management conference, and advised the court that proper service has never been made on him. Plaintiff did not appear.

1

1    On October 7, 2005, the court issued an ORDER TO SHOW CAUSE, noting that

2  notwithstanding the court's inadvertent premature closing of this case, plaintiff has taken no

3  actions to prosecute this matter, nor has he apprised the court or opposing counsel of any change

4  of address as required by Civ. L.R. 3-11.   Plaintiff was ordered to show cause why his complaint

5  should not be dismissed for his failure to prosecute, for failure to serve and for failure to notify the

6  court and opposing counsel of his change of address, and hearing on this order to show cause

7  was scheduled for November 3, 2005, at 2:30 p.m.   Plaintiff was warned that a failure to appear

8  at that hearing would result in the dismissal of his case.   Again, the notice to plaintiff's official

9  address was returned undeliverable; the notice to the post office box was not returned.   Plaintiff

10  failed to appear at the November 3, 2005 conference.

11    The court having considered the five factors set forth in *Malone v. United States Postal*

12  *Service*, 833 F.2d 128, 130 (9th Cir. 1987), and having determined that notwithstanding the public

13  policy favoring the disposition of actions on their merits, the court's need to manage its docket

14  and the public interest in the expeditious resolution of the litigation require dismissal of this action.

15  In view of plaintiff's lack of response to this court's prior orders, the court finds there is no

16  appropriate less drastic sanction.   Accordingly, this action is dismissed with prejudice pursuant

17  to Fed. R. Civ. pro. 41(b) for plaintiff's failure to prosecute.

18    **IT SO ORDERED.**

19

20  Dated: November 7, 2005

21  _____

22  PHYLLIS J. HAMILTON
   United States District Judge

23

24

25

26

27

28